IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT HAYDEN NESBITT, Jr.,

    Petitioner,           No. CIV S-09-2821 GGH P

    vs.

FRANCISCO JACQUEZ,         ORDER

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Plaintiff immediately subsequently filed an amended petition which supersedes the original petition.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Since petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondents will be served with the amended petition, but shall not file a response at the present time.

        In light of the length of petitioner's sentence, the court has determined that the interests of justice require appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); see also

Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's October 9, 2009 request to proceed in forma pauperis (Docket No. 2) is granted;

2. The Federal Defender is appointed to represent petitioner;

3. The Clerk of the Court is directed to serve a copy of the petition and this order on Carolyn Wiggin, Assistant Federal Defender.

4. Within thirty days of this order, the parties shall file a joint scheduling statement which addresses the timing and order of the following matters:

    a. The number of days petitioner's counsel estimates it will take to file either:

        1. A statement indicating petitioner will stand on the existing amended petition, filed on October 15, 2009 (docket # 4) and supplemental memorandum of points and authorities, if any;

        2. A second amended petition which will proceed on exhausted claims only; or

        3. A second amended petition which identifies both exhausted and unexhausted claims, **demonstrates good cause for having failed to exhaust state court remedies as to any claims,**[1] and any intention to pursue unexhausted claims, after which the court **may** recommend that the proceedings be held in abeyance while petitioner exhausts any new claims in state court.

    b. Discovery and investigations;

    c. Anticipated motions;

    d. The need for and timing of an evidentiary hearing;

---

[1] Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005).

e. Enumeration and resolution of unexhausted claims; and

f. Possible future amendments to the pleadings.

Counsel are reminded of the importance of timely filing a joint scheduling statement. Failure to do so may result in sanctions.

5. The Clerk of the Court shall serve a copy of this order, *the consent/reassignment form contemplated by Appendix A(k) to the Local Rules of this court* together with a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General.

DATED: October 30, 2009

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/mp
nesb2821.110a.ggh