IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT HAYDEN NESBITT, Jr.,

    Petitioner,                         No. CIV S-09-2821 GEB GGH P

    vs.

FRANCISCO JACQUEZ, Warden,        FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

Introduction

        Petitioner is proceeding with appointed counsel on an amended petition (which petitioner filed while proceeding pro se), pursuant to 28 U.S.C. § 2254.  By order, filed on January 28, 2011, this court denied petitioner's motion for leave to conduct discovery, as well as denied leave to amend to set forth an ineffective assistance of counsel claim.  Upon petitioner's motion for reconsideration of that order by the district judge, the order was affirmed.  See Order, filed on March 16, 2011.  On March 28, 2011, petitioner filed a motion for the court to certify the March 16, 2011, order, denying leave to conduct discovery for interlocutory review to the Ninth Circuit, pursuant to 28 U.S.C. § 1292(b).  Petitioner also seeks a stay to seek state court exhaustion of a claim of ineffective assistance of counsel at sentencing predicated in large part on trial counsel's having failed to obtain and present the evidence sought by the discovery request.

Under 28 U.S.C. § 1292(b),[1] a district judge may certify for appeal an order not otherwise appealable if "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." United States v. W.R. Grace, 526 F.3d 499, 522 (9th Cir. 2008), quoting from 28 U.S.C. § 1292(b). A litigant may bring an immediate appeal of an interlocutory order only "upon the consent of both the district court and the court of appeals." In re Cement Antitrust Litigation (MDL No. 296), 673 F.2d 1020, 1025-26 (9th Cir. 1982). "Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's teeth rare." Semeneck v. Ahlin, 2010 WL 2510996 *2 (E.D. Cal. 2010), quoting Camacho v. Puerto Rico Ports Authority, 369 F.3d 570, 573 (1st Cir. 2004). "Only 'exceptional circumstances justify departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Id., quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S.Ct. 2454 (1978) [internal quotation omitted].

Petitioner pled no contest to ten counts of robbery in 2003 and was sentenced to a term of 133 years to life under the three-strikes law in 2005. See Order, filed on Jan. 28, 2011, p. 1. It is petitioner's sentencing which is at issue here. Petitioner's motion for discovery sought any material the Los Angeles County Department of Children and Family Services might have regarding an investigation of any and all incidents of abuse of petitioner as a child to shore up a potential claim for ineffective assistance of counsel and to further support the only actual claim on which petitioner proceeds, that he was deprived of due process and a fair trial when the

---

[1] "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 USC § 1292(b).

sentencing judge relied on inaccurate information in a 1991 juvenile probation report (that contradicted, or at least, undermined, petitioner's evidence presented at the Romero motion). See Order, filed on Jan. 28, 2011, p. 7.

> Even though finding that petitioner had waived his right to object to the trial court's judicial notice of the 1991 probation report,..., the state court of appeals made clear that even if petitioner had not forfeited his right to appeal the issue and even if it had been trial court error to consider it, petitioner did not establish that he was thereby prejudiced. The state appellate court made clear that any history of child abuse petitioner may have suffered was not only not material to the denial of the Romero motion by the trial court, it should not have been, given his overall record. In other words, petitioner could not rely on any history of child abuse to have rendered a different ruling as any such history could not have reached the requisite level to show he was prejudiced thereby in the trial court's ruling. In essence, the state appellate court found it would have been an abuse of discretion by the trial court to have granted the Romero motion because any such abuse would not have constituted carte blanche for petitioner to have engaged in the numerous prior robberies. As noted, to show any entitlement to the discovery at issue, petitioner's claim must implicate the sentencing decision as having been significantly based on information that was materially untrue. Tucker, supra, at 447, 92 S. Ct. at 592. Because, under Estelle, supra, this court cannot debate the state appellate court's decision concluding that it would and should have made no difference to the ruling on the Romero report whether or not the 1991 probation report contained accurate information, the undersigned finds good cause is not shown for seeking discovery to show inaccuracy of the information regarding petitioner's child abuse history contained therein.[] In other words, giving appropriate AEDPA deference to the state Court of Appeal, the sentence was not based on the disputed information, nor could it have been.

Id. at 17-18.

Therefore, in this instance, the undersigned finds, for the reasons set forth in the order, filed on January 28, 2011, and affirmed on reconsideration by the order, filed on March 16, 2011, that the issue presented fails to meet the requirements of § 1292(b), notwithstanding petitioner's argument, inasmuch as "there is no controlling question of law as to which there is substantial ground for difference of opinion, and immediate appeal will not materially advance the ultimate termination of this litigation." Wilson v. Rolls-Royce Motor Cars, Inc., 1994 WL

92030 *1 (D. Or. 1994). This is particularly true in light of the Supreme Court's very recent ruling, Cullen v. Pinholster, [No. 09-1088, slip op.] __ S. Ct. ___, 2011 WL 1225705 *8 (Apr. 4, 2011), holding "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."

Moreover, judicial efficiency and economy, as well as petitioner's concerns, are best addressed by this case being adjudicated to a final decision. As petitioner realizes, the discovery ruling anticipates the probable final ruling herein. While the court could have accelerated the discovery order into a final ruling, the undersigned desired to give petitioner a final chance to persuade the court otherwise. In any event, the time to a final ruling herein should not be lengthy. Should the petition be denied, petitioner may seek a certificate of appealability as to the question of the denied discovery and the question of not being permitted leave to amend to attempt to frame a claim of ineffective assistance of counsel. Should petitioner prevail on appeal, the court will be instructed on the law, and the case may be remanded with instruction to the district court to permit the discovery. In other words, petitioner loses little "appellate time" in awaiting a final ruling herein. Nor is there any chance that a remanded case would be considered successive.[2] At this time, the court finds that supplemental briefing to conclude this case should proceed.

Accordingly, IT IS RECOMMENDED that:

1. Petitioner's motion to certify the court's March 16, 2011, order for appeal be denied;

2. Petitioner's motion for a stay pending state court exhaustion of an ineffective assistance of counsel claim, leave to proceed upon which has previously been denied, also be

---

[2] Petitioner may be concerned that if she did *not* prevail on appeal, her prospective ineffective assistance of counsel claim (counsel did not acquire the "correct' information to assist at sentencing) might be considered successive if and when exhausted. However, this perceived problem is ephemeral – the prejudice inquiry on the straight trial error claim and the ineffective assistance claim would be the same. The Court of Appeal determined that the proffered "correct information" would not have been sufficient to change the sentence.

4

denied;

       3. Upon adoption of these findings and recommendations, should that occur, petitioner be granted fourteen days to file any supplemental points and authorities to the operative amended petition filed by petitioner pro se; thereafter, respondent be granted fourteen days to file a response, including any procedural default dispositive motion, containing the standard elements of an answer; petitioner be granted seven days to file any reply to respondent's opposition/answer.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2011

       /s/ Gregory G. Hollows

       _____
       GREGORY G. HOLLOWS
       UNITED STATES MAGISTRATE JUDGE

GGH:009
nesb2821.fr