UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HAYDEN NESBITT, JR., | No. 2:09-cv-2821 GEB GGH P |
| Petitioner, | |
| v. | ORDER |
| FRANCISCO JACQUEZ, Warden, | |
| Respondent. | |

On July 5, 2013, petitioner, proceeding pro se and in forma pauperis, filed a motion for transcripts. Petitioner's habeas petition was denied and judgment was entered on January 2, 2013. Petitioner filed a notice of appeal on February 22, 2013.

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir.1991) (production of transcript at government expense for in forma pauperis appellant in civil case proper if trial judge certifies "that the appeal is not frivolous and presents a substantial question") (overruled on other grounds by Helling v. McKinney, 502 U.S. 903, 112 S. Ct. 291 (1991). Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. Henderson v. United States, 734 F.2d 483, 484 (9th Cir.1984).

Petitioner requests a copy of the court hearings in this case; however, the record indicates that only one hearing was conducted in this case, on July 29, 2010, pertaining to discovery, and it was not transcribed, but rather recorded electronically. (Dkt. No. 32.) His generic statement that he needs the hearing transcripts to prepare his appeal does not provide a sufficient basis for his need for the transcripts. Petitioner may renew his request for a transcript at government expense with the appellate court by filing a motion in that court if he wishes. In addition, petitioner is notified that the appellate court has access to the court's file in this case, and will request any necessary documents that are in the record directly from this court.

IT IS HEREBY ORDERED that petitioner's request for transcripts, filed July 5, 2013, (dkt. No. 88), is denied.

Dated: July 23, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Nesb2821.transc